UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO M. SOMOZA,<br><br>         Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>         Defendants. | Case No. 1:20-cv-01600-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 9)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff Ricardo Somoza, a state prisoner proceeding *pro se*, has filed a document titled, "Motion and Request for Extention [sic] of Time / or Temporary Leave." (Doc. 9.) The Court construes the filing as a motion for a preliminary injunction. For the reasons set forth below, the Court recommends that the motion be denied.

**I.    DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

///

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

In his motion, Plaintiff alleges the COVID-19-related protocols of Sierra Conservation Center ("SCC") violate the Administrative Procedures Act, the United States Constitution, and the California Constitution. (Doc. 9.) Plaintiff requests that the Court issue an order commanding the California Department of Corrections and Rehabilitation to rescind these protocols. (*See id.* at 4.)

Plaintiff fails to show that he is likely to succeed on the merits of his claims or to suffer irreparable harm in the absence of his requested relief. Plaintiff provides no facts to support his allegation that SCC's COVID-19-related procedures violate any federal or state laws, and he provides no facts that show that he will suffer any harm from these procedures—let alone that the harm would be irreparable.

The claims in Plaintiff's motion are also unrelated to the claims at issue in this case. In his complaint, Plaintiff appears to raise claims of retaliation, inadequate medical care, and denial of due process. (*See* Doc. 1.) As stated above, the claims in Plaintiff's motion are based on SCC's COVID-19-related protocols. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motion for a preliminary injunction, the Court lacks the authority to provide the preliminary relief that Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

///

## II. CONCLUSION, ORDER, AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction (Doc. 9) be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 12, 2021**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE