UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO M. SOMOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01600-ADA-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

This Court issued its Second Screening Order on January 6, 2023. (Doc. 21.) The Court found Plaintiff failed to state a claim upon which relief could be granted. (*Id*. at 5-7.) Plaintiff was granted leave to file a second amended complaint. (*Id*. at 9-10.)

Plaintiff filed his second amended complaint[1] on January 27, 2023. (Doc. 22.)

Following screening of the second amended complaint, the Court will recommend this action be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

//

---

[1] Plaintiff erroneously titled the document "Second Screening Order."

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.  PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

2

quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a

'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**IV.     DISCUSSION**

**A.  Plaintiff's Complaint**

Plaintiff's second amended complaint names Correctional Lieutenant O. Douty, and Correctional Sergeants J. Gonzales, P. Martinez, and Mason, employed at the Sierra Conservation Center, as defendants. (Doc. 22 at 3-4.) By way of relief, Plaintiff seeks a jury trial. (*Id*. at 4.)

Plaintiff's handwritten complaint identifies two claims. Claim 1 states: "Due process violations, cruel corporal and unusual punishment /or GOSSIP", elderly abuse, mistreatment and prohibited punishment specifically at issue to have personal safety, unlawfull retaliation, defamation and intimidation abuse …." (Doc. 22 at 1.) Claim 2 states: "Cruel, corporal and unusual punishment, elderly abuse, mistreatment prohibited punishment specifically at issue to have personal safety, unlawfull retaliation, gossip, intimidation, harassment and due process

violation." (*Id*. at 2.)

### B. Plaintiff's Claims

#### Factual Allegations in Claim One

Plaintiff states that on April 12, 2020, he observed Defendant J. Gonzales accompanied by a young man who "was very nervous and naïve not normal for a regular Correctional Officer." (Doc. 22 at 1-2.) During the observation that occurred in the dining hall, Gonzales was "coaching a witness for the purpose of entrapement [sic] the young man was disguise as a Correctional Officer and not a real Correctional Officer as he attempted to pose as one." (*Id*. at 2.) Plaintiff asserts the man was too young to be a correctional officer. (*Id*.)

#### Factual Allegations in Claim Two

Plaintiff asserts that on March 30, 2021, Defendant Douty signed and approved an "Administrative Segregation Unit Placement Notice," alleging Plaintiff "utilized the Health Care Services Request Form (7362) to inform staff of safety concerns follow by an investigation that took place on Sunday April 4th, 2021." (Doc. 22 at 2.) Plaintiff contends the investigation connects Defendants Martinez and Mason who had Plaintiff "assaulted by incustody informant." (*Id*. at 3.) Plaintiff further contends Chief Deputy Warden Easton[2] "authorized the release of information, information exposing the plaintiff at imminent danger." (*Id*.)

### C. Analysis

Despite two opportunities to cure the deficiencies identified in his original and first amended complaints, Plaintiff again fails to state a claim upon which relief can be granted. Plaintiff has been previously advised that vague and conclusory statements are insufficient to state a claim. (*See* Doc. 12 at 3-4; Doc. 21 at 5-7.) As the Court previously explained, a complaint must contain short, plain statements of the claim or claims supported by facts. (*See* Doc. 12 at 3-4; Doc. 21 at 2, 7.) The Court has also previously provided the legal standards applicable to the claims Plaintiff may have intended to assert. (*See* Doc. 12 at 4-6; Doc. 21 at 7-8.) Plaintiff nonetheless continues to provide vague and conclusory statements and fails to assert any facts

---

[2] Plaintiff does not identify Easton as a defendant in the "IV. Defendants" portion of his second amended complaint.

5

supporting a cognizable claim.

**First Amendment Retaliation**

Plaintiff was provided the legal standards for asserting a First Amendment claim of retaliation in the First Screening Order issued August 20, 2021 (*see* Doc. 12 at 4) and again in the Second Screening Order issued January 6, 2023 (*see* Doc. 21 at 7). Plaintiff's second amended complaint however fails to allege (1) that a state actor took some adverse action against Plaintiff (2) because of (3) Plaintiff's protected conduct, and that such action (4) chilled Plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 566-68 (9th Cir. 2005).

Specifically, Plaintiff's first claim lacks any facts concerning how Defendant Gonzales's actions were adverse to Plaintiff, in what protected conduct Plaintiff was engaged, how Gonzales's actions chilled Plaintiff's exercise of his First Amendment rights, or how Gonzales's actions did not reasonably advance a legitimate correctional goal. Regarding Plaintiff's second claim, while Plaintiff makes vague allegations relating to the filing of a grievance—a protected conduct—he fails to show how any Defendants adverse action chilled the exercise of his First Amendment rights, and he also fails to allege that those actions did not reasonably advance a legitimate correctional goal.

In sum, Plaintiff fails to allege a cognizable First Amendment retaliation claim against any defendant.

**Fourteenth Amendment Due Process**

Plaintiff was provided the legal standards for asserting a due process claim in the First Screening Order and the Second Screening Order. (*See* Doc. 12 at 6 & Doc. 21 at 9.) Plaintiff's second amended complaint nonetheless fails to allege a plausible due process violation.

In his first claim for relief, Plaintiff presents no facts concerning any disciplinary violation, or any facts that could be construed to allege a due process violation. In his second claim for relief, Plaintiff refers to placement in administrative segregation, but fails to assert that any of the procedural guarantees to which he is entitled were violated during any disciplinary proceeding. In other words, Plaintiff does not contend that he did not receive advance written

1  notice of any disciplinary charges, he was denied an opportunity to present evidence or call
2  witnesses, and he was not provided with a written statement by the factfinder concerning the
3  evidence replied upon for the disciplinary finding. *Wolff v. McDonnell*, 418 U.S. 539, 564-470
4  (1974). Therefore, Plaintiff fails to allege a plausible due process claim against any defendant.

**Eighth Amendment**

Plaintiff was provided the legal standards for asserting an Eighth Amendment deliberate indifference to serious medical needs claim in both the First Screening Order and the Second Screening Order. (*See* Doc. 12 at 5-6 & Doc. 21 at 7-8.) However, Plaintiff's second amended complaint is devoid of facts related to medical needs or care.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted)

In his first claim for relief, Plaintiff contends Defendant Gonzales and another individual disguised as a correctional officer tried to entrap him. Plaintiff fails to explain what may have prompted Gonzales to entrap him. As pled, Plaintiff's allegations do not amount to any inhumane condition of confinement or to unnecessary or wanton infliction of pain. The same is true of Plaintiff's second claim for relief. Plaintiff alleges no facts asserting inhumane condition of confinement or unnecessary or wanton infliction of pain.

To the extent either of Plaintiff's claims can be construed to assert a failure to protect under the Eighth Amendment, both claims fail. Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) & *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the

officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, 714 F.3d at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. *Id.* at 832-33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

With regard to claim one, Plaintiff fails to allege Defendant Gonzales knew of and disregarded an excessive risk to Plaintiff's safety. Regarding claim two, Plaintiff fails to allege Defendants Douty, Martinez or Mason knew of and disregarded an excessive risk to Plaintiff's safety. Plaintiff's vague and conclusory allegations regarding an "incustody informant" and the purported release of unidentified information that exposed Plaintiff to "imminent danger" are insufficient to state a claim.

To the extent Plaintiff references "gossip," some unidentified verbal harassment, or intimidation made by any named defendant in either claim one or two, his second amended complaint fails to state a claim. Mere verbal harassment or abuse does not violate the Constitution and does not give rise to a claim for relief under section 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

In sum, Plaintiff has failed to allege a cognizable Eighth Amendment claim against any defendant.

**Defamation**

Plaintiff vaguely asserts "defamation" in his first claim for relief. To bring a claim for defamation in a Section 1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

"To establish a claim for defamation under Section 1983, a plaintiff must first establish defamation under state law." *Flores v. City of Bakersfield*, No. 1:17-CV-1393-JLT, 2019 WL 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing *Crowe v. County of San Diego*, 242 F.Supp.2d 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Kaufman v. United Health Group Inc.*, 546 Fed. Appx. 691, 692 (9th Cir.2013) (quoting *Taus v. Loftus*, 40 Cal.4th 683, 54 Cal.Rptr.3d 775, 151 P.3d 1185, 1209 (Cal. 2007)). To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." *Gilbrook v. City of Westminster*, 177 F.3d 839, 861 (9th Cir.) (citation omitted). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a Section 1983 action, injury to reputation alone is not enough to state a claim. "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest." *WMX Techs., Inc. v. Miller ("WMX II")*, 197 F.3d 367, 373 (9th Cir. 1999). The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution. WMX II, 197 F.3d at 373; *see Paul v. Davis*, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment"). "[R]eputational harm alone does not suffice for a constitutional claim." *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004). Absent a change in status, "any harm or injury to that interest ... inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property'

9

1    recognized by state or federal law." *Paul*, 424 U.S at 712. Plaintiff must demonstrate the loss of a

2    recognizable property or liberty interest in conjunction with the allegation that they suffered

3    injury to reputation. *Miller*, 355 F.3d at 1179; *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir.

4    1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)). A plaintiff can meet this

5    test by showing that "injury to reputation was inflicted in connection with a federally protected

6    right" or that "injury to reputation caused the denial of a federally protected right." *Herb Hallman*

7    *Chevrolet, Inc. v. Nash–Holmes*, 169 F.3d 636, 645 (9th Cir. 1999); *Cooper*, 924 F.2d at 1532-33.

8    This is referred to as a "defamation-plus" or "stigma-plus" claim. *See, e.g.*, *Flores*, 2019 WL

9    7038385, at *17.

10   Here, Plaintiff has not set forth any factual allegations that his reputation was injured in

11   connection with a federally protected right or that the damage caused him to be denied a federally

12   protected right. Even if Plaintiff could not meet the defamation-plus standard but was able to

13   demonstrate defamation under California law, the Court would also decline to exercise

14   supplemental jurisdiction over such state claim because Plaintiff fails to state a separate

15   cognizable federal claim, as set forth above. *See Ward v. Webber*, No. 118CV00916SABPC, 2018

16   WL 3615853, at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable

17   federal claim, the Court will not exercise supplemental jurisdiction over his state law [slander]

18   claim, even if he cures the deficiencies and states a claim") (citing 28 U.S.C. § 1367(a); *Herman*

19   *Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

20                              **D.  Further Amendment Would Be Futile**

21   For the reasons set forth above, the Court finds the second amended complaint fails to

22   state cognizable civil rights claims under Section 1983 and that any amendment of the complaint

23   would be futile. "A district court may deny leave to amend when amendment would be futile."

24   *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); accord *Lopez v. Smith*, 203 F.3d 1122,

25   1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit

26   entirely"). Plaintiff has been afforded two opportunities to amend his complaints to cure the

27   deficiencies identified by the Court, but has been unable to do so. The Court finds further

28   amendment would be futile.

## V.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Plaintiff's second amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 21, 2023**            /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE